UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

PANAMAX BULK AS,                                       :        08 Civ. 8601 (JSR)
                                                       :
                        Plaintiff,                     :        ECF CASE
                                                       :
        - against -                                    :
                                                       :
DAMPSKIBSSELSKABET NORDEN AS                           :
                                                       :
                        Defendant.                     :

------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION AND OTHER REQUESTS FOR RELIEF

*Attorneys for Plaintiff Panamax Bulk AS*

Patrick F. Lennon (PL 2162)
Nancy R. Siegel (2871)
LENNON, MURPHY, CAULFIELD & PHILLIPS
The Gray Bar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - fax

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................1

FACTS...........................................................................................................................4

ARGUMENT

POINT I
DEFENDANT'S INSTANT SUBMISSION TO THE COURT DATED MAY 10, 2010
SHOULD BE STRICKEN FROM THE RECORD AS IT WAS SUBMITTED IN DIRECT
VIOLATION OF THE COURT'S DIRECTIVE.................................................................6

POINT II
THE MOTION FOR RECONSIDERATION SHOULD BE DENIED.......................................7

POINT III
DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND FOR
DEFAULT JUDGMENT MUST BE DENIED BECAUSE SUCH MOTIONS CANNOT
BE FILED IN A CLOSED CASE.......................................................................................8

POINT IV
DEFENDANT'S ATTEMPT TO OPEN THE JUDGMENT UNDER
FED. R. C. P. 60(b) SHOULD BE DENIED .....................................................................9

POINT V
THE AWARD CANNOT BE CONFIRMED BECAUSE IT IS NOT FINAL..........................11

POINT VI
ATTORNEY'S FEES AND COSTS SHOULD NOT BE AWARDED.................................11

CONCLUSION....................................................................................................................12

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Blanchard v. Cortes-Molina*, 453 F.3d 40 (1stCir. 2006)…..……………………....9

*Chambers v. Principi*, 2004 U.S. Dist. LEXIS 5562 (D. Conn. Mar. 24, 2004)…………7

*Chi Ho Mar. S.A. v. C & Merch. Marine Co., Ltd.*, 2010 U.S. Dist. LEXIS 27608
(S.D.N.Y. Mar. 11, 2010)……………………………..……………………………12

*CHS Europe, S.A. v. Atlantique Grain*, 2009 U.S. Dist. LEXIS 92387
(S.D.N.Y. Oct. 2, 2009)……………………………………………………………....8

*Claremont Flock Corp. v. Alm*, 281 F.3d 297 (1st Cir. 2002)……………………………9

*Dworkin-Cosell Interair Courier Services, Inc. v. Avraham*, 728 F. Supp. 156
(S.D.N.Y. 1989)…………………………………………………….............11

*Fertilizer Corp. of India v. IDI Management, Inc.*, 517 F. Supp. 948 (S.D. Ohio 1981)..11

*Grand River Enters. Six Nations, Ltd. v. King*, 02 Civ. 5068, 2009 U.S. Dist. LEXIS
52600 (S.D.N.Y. June 16, 2009)…………………………………………………7

*Ipitrade Int'l, S.A. v. Federal Republic of Nigeria*, 465 F. Supp. 824 (D.D.C. 1978)…...11

*Rhonda Enterprises S.A. v. Projector S.A.*, No. 08 Civ. 5134,
(S.D.N.Y. July 22, 2008)……………………………………………………...….9

*Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58 (2d Cir. 2009)…..…...5

*United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977)………………...……………….............9

*Wells Fargo Bank, N.A. v. Sharma*, 642 F. Supp. 2d 242 (S.D.Y.Y. 2009)……………….7

Plaintiff, Panamax Bulk AS (hereinafter "Panamax" or "Plaintiff"), by its undersigned counsel, Lennon, Murphy, Caulfield & Phillips, LLC, files the within Memorandum of Law in Opposition to Defendant's Motion for Reconsideration of the October 19, 2009 Judgment dismissing the case and in support of Plaintiff's request to strike the improperly filed Motion for Judgment on the Counter-claim/Default Judgment in this already closed action.  For the reasons set forth herein, the Motions and/or Applications of Defendant, Dampskibsselskabet Norden AS ("Norden" or "Defendant") should be denied and Plaintiff's request to strike should be granted.

## PRELIMINARY STATEMENT

There should be no confusion regarding the state of this action.  It is closed.  Final judgment was rendered in this matter dismissing the entire action on October 19, 2009 and notice was sent out to both parties' counsel regarding their rights of appeal.  *See Order and Judgment dismissing action together with notice of right to appeal annexed to the accompanying Declaration of Nancy R. Siegel ("Siegel Decl.") as Exhibit "A."*  When an action has been dismissed by final judgment, the parties have very few options to seek further relief in the case. They can file an appeal or one of the post-judgment motions specifically provided for by Fed. R. Civ. P. 60, including a Motion for Reconsideration.  Defendant did none of these things.

Despite notice from the Court that it had thirty days to appeal the Judgment, Defendant did NOT appeal or file a Motion for Reconsideration.   To the contrary, Defendant wrote to the Court in support of the Judgment dismissing the entire action.  *See Opposition to Motion for Reconsideration filed by Defendant annexed to Siegel Decl. as Exhibit "B."*

Plaintiff filed the only appeal of the Judgment issued in this case, which it has now sought to withdraw.  Oddly enough, Defendant, who vigorously maintains that Plaintiff's appeal is entirely without merit and who wrote to the Court in favor of the Judgment dismissing the entire action when it was issued, refuses to stipulate to withdrawal of the appeal.

This may be because Defendant wishes it had appealed the Judgment itself given how events later played out in London.  However, the fact is that <u>Defendant did NOT appeal the judgment or file a motion for reconsideration within 14 days as required by the applicable rules.</u> Thus, the Judgment issued on October 19, 2010 must stand.

Defendant did not contest the Judgment dismissing the case in any way until the conference before this Court on March 31, 2010.  Moreover, Defendant actually contested Plaintiff's timely Motion for Reconsideration of the Judgment and demanded that the "Order directing the release of Defendant's funds and dismissing this case be entered as a final judgment." *See Exhibit B, at 3.*  As Defendant requested, Plaintiff's Motion for Reconsideration was denied, and the Judgment remained in effect as originally issued.

At the conference on March 31, 2010, Defendant appears to have had an abrupt change of heart regarding this case, most likely because it benefitted from the arbitrators award on the substantive claims, which is now subject to an application for appeal in High Court of Justice in London, England.  Now, Defendant would like this Court to turn back the clock, ignore its prior filings and failure to timely seek relief from the Judgment, and permit it to challenge the Judgment seven months after it was issued and six months after it became final and binding.

Defendant may regret its choice not to timely seek relief from the Judgment, however that was a tactical choice it made back in October 2009.  If Plaintiff had prevailed in the London arbitration, no doubt Defendant would have stood by its original choice not to appeal, and maintained that this action was closed.

Even though Defendant affirmatively sought and obtained dismissal and closure of this action, it nevertheless has unilaterally and without leave of this Court filed made several attempts to file a Motion/Petition to Recognize, Confirm and Enforce the Arbitration Award issued in the London Arbitration proceeding.  On each occasion, the Defendant has attempted to file such

improper motions, the Court has clearly directed the Defendant to proceed by filing a new, related action. However, each such occasion, Defendant has ignored the Court's directive.

Defendant first requested permission to file an application to recognize, confirm and enforce the London Arbitration Award at the conference held on March 31, 2010. *See transcript annexed to Siegel Decl. as Exhibit "C."* At that time, the Court instructed Plaintiff that it should not file the proposed application in this action as it was dismissed and closed by Judgment dated October 19, 2009. Instead, the Court instructed Defendant to initiate another action to confirm the Arbitration Award. *See Exhibit "C," p. 6.* Defendant ignored the Court's instructions.

Re-hiring its old counsel, Defendant then apparently tried to obtain the Court's permission indirectly (notwithstanding the Court's clear ruling on this issue) for leave to file its motion to enforce the arbitration award by including certain language in the proposed substitution of counsel order. In particular, Defendant submitted a proposed Order to the Court stating that Defendant's counsel appearance was to be: "for all remaining purposes in respect to the subject action, including but not limited to enforcement of the Arbitral Award issued in favor of NORDEN." *See Substitution of Counsel form annexed to Siegel Decl. as Exhibit "D."* The Court rejected this ill-conceived attempt to circumvent the Court's March 31, 2010 ruling and directive and struck out the offending language.

Not to be dissuaded, on or about April 26, 2010, Defendant again applied to the Court (via phone) seeking permission to file an Application to Confirm the Arbitration Award in this closed action. The Court denied Defendant's application and indicated that if Defendant wanted to challenge the Judgment dismissing the case it must file a Motion for Reconsideration.

Defendant again ignored the Court's order and proceeded to file the instant Motion for Judgment on its Counter-Claim. Three times the Defendant applied to file a motion in this closed action and three times it obtained a ruling it refused to accept. The Defendant should not

3

be allowed to flout the Court's orders with impunity. Defendant was denied permission to file the present Motion for Judgment, yet it did so anyway – perhaps recognizing that its motion for reconsideration was legally deficient. Whatever the excuse, Defendant should not be permitted to flagrantly ignore this Court's orders. Accordingly, Plaintiff should be awarded the costs and attorney's fees it has incurred in defending these motions.

If Plaintiff prevails on its appeal application in the English Court of Justice, no doubt Defendant will again reverse its position and then seek to maintain this action is closed. Fortunately, the Federal Rules of Civil Procedure provide specific deadlines to challenge judgments, which keep parties like Norden from changing their mind at will. Defendant actively supported the judgment dismissing the action on October 19, 2009 and did not file an appeal or a Motion for Reconsideration. Under the Federal Rules of Civil Procedure, Defendant is prevented from now challenging the Judgment dismissing the case unless it can show mistake, inadvertence, surprise or excusable neglect under. See Fed. R. Civ. P. 60(b). For the reasons set forth above, and those set forth in further detail herein, the Defendant's Motion for Reconsideration, Motion for Judgment/Default on the counter-claim and Motion to set aside the Judgment under Fed. R. Rule 60(b)(6) should be denied in all respects.

## FACTS

On October 8, 2008, in order to obtain jurisdiction over the Defendant and to obtain security for its claims to be resolved in an English arbitration, Plaintiff commenced this action and applied for an Ex Parte Order of Maritime Attachment Garnishment against the Defendant's property within this District. Plaintiff's application was granted and on or about October 8, 2008 and the Court issued an Ex Parte Order and Writ of Maritime Attachment that authorized the restraint of Defendant's funds within the District in an amount up to $12,025,013.01.

Plaintiff served the Ex Parte Order and Writ of Attachment on garnishee banks within this District that were believed to be holding Defendant's funds. Acting in accordance with the Ex Parte Order, various garnishee banks within the District attached electronic funds transfers referencing the Defendant in the amount of $12,025,013.01. Those funds were ultimately released, and Defendant posted security in the amount of $12,025,013 in the Court Registry Investment System account.

On September 25, 2007, Defendant made an application for countersecurity relating to three counter-claims it asserted in the London Arbitration. Plaintiff objected on various grounds, and the issue was briefed. On or about October 16, 2009 the Second Circuit Court of Appeals held that electronic funds transfers held by intermediary banks are not subject to attachment as they are neither property of the plaintiff nor the defendant. *See Shipping Corp. of India v. Jaldhi Overseas PTE Ltd.,* 585 F.3d 58 (2d Cir. 2009). In response to *Jaldhi* decision, this Court dismissed this action on October 19, 2009, ordered that all security was to be released and the parties were sent a notice of their right to appeal. The Court indicated when dismissing the case that the funds should never have been restrained in the first place, therefore any action premised on the attachment of funds (including the furnishing of separate cash security) should be undone. *See Siegel Decl., Exhibit "E."*

Plaintiff filed a Motion for Reconsideration requesting that the Order and Judgment be vacated. Defendant opposed the Motion for Reconsideration and requested that the Judgment dismissing the entire action remain intact. *See Exhibit "B."* On November 17, 2009, Plaintiff's application to vacate the judgment was denied, and Defendant's supporting arguments endorsed. *See Order denying Motion for Reconsideration annexed to Siegel Decl. as Exhibit "E."* Plaintiff then filed a second request that the Order and Judgment be overturned. Once again, Defendant submitted a memorandum requesting that the Order and Judgment dismissing the entire case be

allowed to stand.  *See Defendant's Memorandum in Opposition to Motion for Reconsideration annexed to Siegel Decl. as Exhibit "F."*  The Court agreed with the Defendant and confirmed that the dismissal Order and Judgment would stand.  *See Order denying second Motion for Reconsideration annexed to Siegel Decl. as Exhibit "G."*

Plaintiff appealed the Judgment, however, the Judgment itself was never stayed pending appeal.  The Court did, however, grant a stay of the release of the attached funds pending appeal.  *See Exhibit "G".*  In any event, by Plaintiff's stipulation the stay was lifted on March 31, 2010 and the funds released.

Plaintiff submitted an application to withdraw the appeal, however, Defendant has objected.  Defendant argues that the Court must make Plaintiff consent to personal jurisdiction in this Court for other actions as a condition of the withdrawal.  There is no basis for Defendant's objection to the withdrawal of the appeal given its previous submissions supporting the judgment.  Furthermore, there is no authority to support Defendant's request that Plaintiff be forced to submit to jurisdiction in future actions as a condition to withdrawing the appeal.

Therefore, as will be shown herein, Defendant's Motion for Reconsideration must be denied, and to the extent its instant application seeks other relief, it must be denied as well.

## ARGUMENT

### POINT I

#### DEFENDANT'S INSTANT SUBMISSION TO THE COURT DATED MAY 10, 2010 SHOULD BE STRICKEN FROM THE RECORD AS IT WAS SUBMITTED IN VIOLATION OF THE COURT'S DIRECTIVE

As set forth above, Defendant requested permission to file a Motion to Confirm the Arbitration Award as a Judgment in this action by phone application on Monday, April 26, 2010.  The Court denied Plaintiff's application and directed the Defendant that if it wanted to challenge the Court's earlier ruling it must file a Motion for Reconsideration.  The Defendant

instead filed a Motion for Judgment on the pleadings/Default Judgment in this (closed) action, in

clear violation the Court's directive and the rules of the Court. Accordingly, its submission

should be stricken and further applications in this action barred.

**POINT II**

**THE MOTION FOR RECONSIDERATION SHOULD BE DENIED**

Local Rule 6.3 provides, in pertinent part, as follows:

> A notice of motion for reconsideration or reargument of a court order determining
> a motion shall be served within ten (10) days after the entry of the court's
> determination of the original motion, or in the case of a court order resulting in a
> judgment, within ten (10) days after the entry of the judgment.

The Judgment dismissing this case was entered on October 19, 2009. Defendant

did not file a Motion for Reconsideration until May 10, 2010. The only party to file a

timely Motion for Reconsideration of the judgment was the Plaintiff. Rather than object

to the Judgment dismissing this case, Defendant demanded that the Judgment remain as

initially entered. *See Exhibits "B" and "F."*

As Defendant failed to timely file a motion for reconsideration within 10 days of the

entry of judgment, its application is untimely and must be dismissed for this reason alone. *Wells*

*Fargo Bank, N.A. v. Sharma,* 642 F. Supp. 2d 242, 249 (S.D.Y.Y. 2009)(Rakoff, J.)(*citing Grand*

*River Enters. Six Nations, Ltd. v. King,* 02 Civ. 5068, 2009 U.S. Dist. LEXIS 52600, at *52

(S.D.N.Y. June 16, 2009) ("A party's failure to make a motion for reconsideration in a timely

manner is by itself a sufficient basis for denial of the motion"). *See also Chambers v. Principi,*

2004 U.S. Dist. LEXIS 5562 (D. Conn. Mar. 24, 2004)(dismissing motion for reconsideration as

it was untimely).

## POINT III

### DEFENDANT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND FOR DEFAULT JUDGMENT MUST BE DENIED <u>BECAUSE SUCH MOTIONS CANNOT BE FILED IN A CLOSED CASE</u>

The Federal Rules of Civil Procedure limit the motions which can be filed post-judgment. A motion for judgment on the pleadings pursuant to Rule 56 and/or a motion for default judgment pursuant to Rule 55 are not available post-judgment. For this reason alone, Defendant's Motions for Judgment on the pleadings and/or Default Judgment must be denied. Plaintiff has failed to cite any authority which would permit it to file a Motion for Judgment of the Pleadings and/or Motion for Default Judgment in a case where final judgment was already entered dismissing the entire case.

In addition, even if such motions were allowed, there are issues of material fact which preclude the Defendant's Motion for Judgment on the pleadings from being granted. In particular, Plaintiff alleges that the London Arbitration Award to be confirmed is not final and binding on the parties given that it is subject to an application of appeal in the English High Court of Justice. Thus, judgment cannot be entered on Defendant's claims. In addition, Plaintiff contends that judgment cannot be entered on Defendant's counter-claims because the case was dismissed, with support of the Defendant, on October 19, 2009.

Likewise the Defendant's implication that judgment may be entered against Plaintiff by default is entirely without merit. Defendant claims that default can be entered because Plaintiff failed to file an Answer to Counter-claim in this action. Such arguments are disingenuous. At the time the case was dismissed (October 19, 2009), the arbitration was still pending. Thus, Defendant would not have been entitled to default judgment in this action because no arbitration award had been issued. *See CHS Europe, S.A. v. Atlantique Grain*, 2009 U.S. Dist. LEXIS 92387 (S.D.N.Y. Oct. 2, 2009)(confirming that plaintiff cannot obtain default judgment before

arbitration has been concluded); *see also Rhonda Enterprises S.A. v. Projector S.A.*, No. 08 Civ.

5134, (S.D.N.Y. July 22, 2008) (order denying entry of default judgment). More importantly,

the fact that an Answer to Counter-claim was not filed is irrelevant. Plaintiff was barred from

doing so by dismissal of the action. The case was dismissed on October 19, 2009, barring the

parties from filing any further responsive pleadings.

## POINT IV

### DEFENDANT'S ATTEMPT TO OPEN THE
### JUDGMENT UNDER FED. R. CIV. P. 60(b) SHOULD BE DENIED

Defendant's application to set aside the judgment dated October 19, 2009 under Fed. R.

Civ. P. 60(b)(6) is misguided. Defendant fails to set forth truly exceptional circumstances to

justify relief under this catchall provision. In addition, because Defendant actually supported the

entry of the Judgment it is seeking to set aside, it is barred from seeking relief under Fed. R. Civ.

P. 60(b)(6), and must instead rely on Fed. R. Civ. P 60(b)(1), the requirements of which are even

more difficult to satisfy and which Defendant cannot meet.

The movant's burden under Rule 60(b) is extremely high and relief is seldom granted.

See *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977)(stating that a proper case for Rule

60(b)(6) relief is only one of extraordinary circumstances or extreme hardship). "'To justify

relief under subsection (6), a party must show extraordinary circumstances suggesting that the

party is faultless in the delay.' . . . 'If a party is "partly to blame," Rule 60(b)(6) relief is not

available to that party; instead, "relief must be sought within one year under subsection (1) and

the party's neglect must be excusable."'" *See Blanchard v. Cortes-Molina*, 453 F.3d 40, 44 (1st

Cir. 2006) (*citing Claremont Flock Corp. v. Alm*, 281 F.3d 297, 299 (1st Cir. 2002) (*quoting

Pioneer*, 507 U.S. at 393)). And, the standard to obtain relief under Rule 60(b)(1) is nearly an

insurmountable hurdle.

Here, Defendant has failed to show there are any extraordinary circumstances.  The case was dismissed as Defendant demanded.  Several months later, Defendant apparently came to regret its choice because it won in the London Arbitration.  Regret hardly constitutes extraordinary circumstances.  Furthermore, the fact that it has not been paid on the Award, which is the subject of an active appeal, is not an exceptional circumstance that warrants vacating the Judgment.  Moreover, Defendant was aware of that possibility when it failed to challenge the Judgment in the first instance.  After *Jaldhi* was issued numerous plaintiffs were left entirely unsecured for unpaid arbitration awards.  However, the majority of judges have found that situation is not so manifestly unjust as to warrant maintaining attachment of EFT's as security to satisfy such arbitration awards.  Defendant's argument here is no more persuasive, and in fact is even less persuasive because it has only itself to blame.  Lack of ability to confirm a foreign arbitration award in New York is not manifest injustice.

In addition, Defendant is responsible for the Judgment dismissing the case as it applied to the Court to maintain it over Plaintiff's objections. Thus, as set forth above, Defendant's request for relief from the Judgment governed by the more rigorous test of Rule 60(b)(1), which requires Defendant to establish mistake, inadvertence, surprise or excusable neglect.  Defendant has failed to allege, let alone prove, any of these elements.  For this reason, Defendant's half-hearted attempt to challenge the Judgment under Rule 60(b)(6) should be denied.

Finally, it should be noted that a Rule 60(b) motion cannot be used as a substitute for an appeal.  Defendant was clearly aware that the case was dismissed in its entirety on October 19, 2009, but it chose not to appeal.  Defendant's application thus appears to be a poor, an ultimately defective, substitute for a proper, timely appeal.  Therefore, Defendant's motion under Rule 60(b) must be denied as well.

10

## POINT V

## <u>THE AWARD CANNOT NOT BE CONFIRMED BECAUSE IT IS NOT FINAL</u>

Article V, section 1(e) of the United Nations Convention on the Recognition and
Enforcement of Foreign Arbitral Awards, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New
York Convention" – codified at 9 U.S.C. §§ 201-08) permits a court to refuse to recognize and
enforce an award when the award has not yet become binding on the parties, or has been set
aside or suspended by a competent authority of the country in which, or under the law of which,
that award was made. *See Dworkin-Cosell Interair Courier Services, Inc. v. Avraham*, 728 F.
Supp. 156, 161 (S.D.N.Y. 1989)(stating "Those few courts that have discussed finality support a
finding that finality is required where, as is the case here, the law of the country in which the
arbitration is conducted requires finality"); See, also e.g., *Ipitrade Int'l, S.A. v. Federal Republic
of Nigeria*, 465 F. Supp. 824 (D.D.C. 1978) (finding award final under Swiss law); *Fertilizer
Corp. of India v. IDI Management, Inc.,* 517 F. Supp. 948, 955-57 (S.D. OH 1981)(finding
Article V, section 1(e) requires a determination that the award is final and binding, according to
the law of the country where the award was rendered).

The Arbitration Award Defendant seeks to enforce is not final and binding as required by
the New York Convention because it is subject to an ongoing appeal in the English High Court
of Justice. *See Appeal Application annexed to the Siegel Decl. as Exhibit "H."* For this reason,
judgment may not be entered on the award under the New York Convention.

## POINT VI

## <u>ATTORNEY'S FEES AND COSTS SHOULD NOT BE AWARDED</u>

Defendant's request for attorneys' fees and costs should be denied.  Not only does
Plaintiff have a valid reason for not paying the award, namely that it is subject to an application
for appeal in the English High Court of Justice, but under the American Rule, attorney's fees and

costs should not be awarded absent express statutory authority, which is absent here, and

Defendant f has pointed to no such statutory basis. *See Chi Ho Mar. S.A. v. C & Merch. Marine*

*Co.*, Ltd., 2010 U.S. Dist. LEXIS 27608 (S.D.N.Y. Mar. 11, 2010).

Judge Pauley recently denied a nearly identical request for attorney's fees and costs made

in conjunction with a motion to confirm an arbitration award in the *Chi Ho* case, *supra*.

Specifically, in denying the request, Judge Pauley stated:

> Chi Ho also seeks costs and attorney's fees incurred in confirming the Award.
> "Under the prevailing American rule, in a federal action, attorney's fees cannot be
> recovered by the successful party in the absence of statutory authority for the
> award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*,
> 774 F.2d 43, 47 (2d Cir. 1985). Chi Ho does not point to any statutory or
> contractual authority. Instead, Chi Ho argues that this Court should grant
> attorney's fees based on its inherent equitable powers. This Court declines that
> invitation.

*See Chi Ho*, 2010 U.S. Dist. LEXIS 27608, at *7-8. Defendant's request here should likewise be

denied. Moreover, unlike the *Chi Ho case*, Plaintiff has provided a valid reason for its refusal to

pay the award. This is not a case where Defendant has held an unpaid award for years for which

it is seeking payment. For these reasons, Defendant's request for attorney's fees and costs

should be denied.

## CONCLUSION

As Defendant's Motion for Reconsideration is untimely, its Motion for Judgment on the

Pleadings and/or Default Judgment is procedurally defective, and Defendant has failed to show

the elements necessary for relief under Fed. R. Civ. P. 60(b), Defendant's Motions should be

denied in their entirety and/or stricken from the record.

Dated: May 14, 2010
       New York, NY

                    Respectfully submitted,

                    The Plaintiff,
                    PANAMAX BULK AS

             By: _____
                    Patrick F. Lennon (PL 2162)
                    Nancy R. Siegel (2871)
                    LENNON, MURPHY, CAULFIELD & PHILLIPS
                    The Gray Bar Building
                    420 Lexington Ave., Suite 300
                    New York, NY 10170
                    (212) 490-6050 - phone
                    (212) 490-6070 - fax

13

**AFFIRMATION OF SERVICE**

I hereby certify that on May 14, 2010, a copy of the foregoing Memorandum of Law was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

By: _____
        Nancy R. Siegel