```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PANAMAX BULK AS,                    :
                                    :
              Plaintiff,            :
                                    :
         -v-                        :    08 Civ. 8601 (JSR)
                                    :
DAMPSKIBSSELSKABET NORDEN AS,       :
                                    :    MEMORANDUM ORDER
              Defendant.            :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-23-10

JED S. RAKOFF, U.S.D.J.

By Order and Judgment dated October 19, 2009, the Court vacated the previously issued attachment in this case in light of Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), and rendered final judgment dismissing the case. The Order and Judgment appended a Notice of Right to Appeal. Following a telephone conference with Chambers on November 4, 2009, plaintiff moved by letter dated November 9, 2009 for reconsideration, which defendant opposed by letter dated November 16, 2009. By Order dated November 17, 2009, the Court denied plaintiff's motion for reconsideration. By letter dated November 19, 2009, plaintiff sought reconsideration of the November 17 Order or, in the alternative, sought to stay the release of funds held in the Court Registry Investment System ("CRIS") pending appeal. Defendant against opposed, by letter dated November 20, 2009. By Order dated December 3, 2009, the Court again denied reconsideration, but stayed the release of the

CRIS funds pending appeal.  Plaintiff filed its notice of appeal on December 11, 2009.

Subsequently, defendant sought further action on its motion for counter-security, which had been <u>sub</u> <u>judice</u> when the case was closed in October 2009.  At a hearing held on March 31, 2010, plaintiff's counsel informed the Court that the underlying arbitration had concluded in defendant's favor and that plaintiff therefore intended to withdraw its appeal.  <u>See</u> Tr. 3/31/10 at 2-3.  At that hearing, defense counsel indicated its intention to move for confirmation of the arbitration award.  The Court declined to take further action in this closed case but informed defense counsel that any such new action seeking confirmation of the award ought to be marked as a related case and therefore be assigned to this Court.  <u>See</u> Tr. 3/31/10 at 6.  By Order dated April 1, 2010, the Court ordered the immediate release of the CRIS funds whose release had been stayed pending appeal.

On April 27, 2010, during a joint telephone conference with Chambers, defendant sought to move in this case for recognition and confirmation of the foreign arbitration award.  The Court instructed defendant to style any such motion as a motion for reconsideration of the Court's in-court ruling that defendant ought to file a separate, related action and set a briefing schedule for that motion.  The Court was also informed that defendant was opposing plaintiff's voluntary

2

withdrawal of its Second Circuit appeal. On April 30, 2010, defendant filed a Motion for Judgment on its counterclaim, which had been filed on November 6, 2008. The counterclaim sought, <u>inter alia</u>, judgment against plaintiff in the amount of any arbitration award, plus interest, costs, and attorneys' fees. <u>See</u> Answer & Counterclaim at 9, ECF No. 14. With respect to its counterclaim, defendant's motion sought either (1) judgment by default, (2) summary judgment, or (3) judgment based on reconsideration of the Court's prior directive. <u>See</u> Notice of Motion for Judgment on Counterclaim, ECF No. 47. It is this motion that is presently pending before the Court.

On July 13, 2010, the Second Circuit issued the mandate in plaintiff's appeal, granting plaintiff-appellant's motion for voluntary dismissal, dismissing the appeal, and denying defendant-appellee's "request to condition the dismissal upon the preservation of the district court's jurisdiction to adjudicate its counterclaim." <u>Panamax Bulk AS v. Dampskibsselskabet Norden AS</u>, 09-5150-cv (2d Cir. July 13, 2010). The Court subsequently received supplemental letter briefing from the parties on the implications of this Second Circuit decision on defendant's pending motion. Having considered this extensive procedural history and the full briefing of the parties, the Court hereby denies defendant's motion.

At no time prior to March 31, 2010 did defendant make any attempt to seek reconsideration of, or to appeal, the October 19 Order and Judgment; defendant instead opposed all of plaintiff's attempts to

3

challenge the judgment. Defendant now contends that it was not obligated to appeal or seek reconsideration because the October 19 Order and Judgment was not a final judgment pursuant to Federal Rule of Civil Procedure 58 or, if it was, only dismissed plaintiff's claim, not defendant's counterclaim. The Court rejects this argument as entirely without merit. The October 19 Order and Judgment entered final judgment in this case, and the Second Circuit accepted filing of plaintiff's appeal from that judgment. Therefore, the Court rejects as procedurally improper defendant's attempt to seek a default or summary judgment on its counterclaim.

In the alternative, defendant seeks modification of the final judgment so as to grant its counterclaim under Federal Rule of Civil Procedure 60(b)(6). Defendant contends that final judgment on defendant's counterclaim was in error, as Jaldhi had no impact on its counterclaim. Therefore, defendant argues that such modification is necessary to prevent "manifest injustice," because defendant timely filed its counterclaim, defendant was denied an opportunity to be heard on the counterclaim prior to the judgment, and defendant asserts it will be unable to assert personal jurisdiction over plaintiff were it to file a new action. Although defendant's own failure to challenge the final judgment before approximately six months had elapsed militates against a finding of manifest injustice, the Court does not need to reach the Rule 60(b)(6) issue. As a threshold matter, the counterclaim was properly dismissed because it did not

4

present a ripe issue that fell within the Court's subject matter jurisdiction.

Defendant contends that subject matter jurisdiction existed over its counterclaim at the time of the judgment because it was a maritime matter, see 28 U.S.C. § 1333, and because it was subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), see 9 U.S.C. §§ 203, 207.  Although defendant is correct that federal question jurisdiction exists under the New York Convention to seek recognition and enforcement of an arbitration award, nonetheless, at the time that judgment was entered in this case, there was no arbitration award to recognize or to enforce.  Rather, as of October 19, 2010, the relief sought by defendant's counterclaim -- judgment against the plaintiff in the amount of the arbitration award -- was entirely speculative because the arbitrator had not yet rendered any decision, much less in defendant's favor.  Cf. Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388, 391 n.5 (2d Cir. 1989) (no jurisdiction where "the party invoking [the New York Convention's] provisions did not seek either to compel arbitration or to enforce an arbitral award").  Similarly, defendant's appeal to this Court's general admiralty jurisdiction is likewise unavailing, because although this is clearly a maritime dispute, at the time of the judgment, nonetheless, there was no ripe issue for the Court's determination.  See, e.g., Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003)

("The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction,' but, even in a case raising only prudential concerns, the question of ripeness may be considered on a court's own motion." (quoting Reno v. Catholic Social Servs., Inc., 509 U.S. 43, 57 n.18 (1993)) (internal citations omitted)).  On the instant motion, defendant attempts to conflate the state of this case at the time of the October 19 judgment with the developments that have occurred in the succeeding months.  Although defendant may now, after the issuance of the arbitration award, possess a ripe claim, the Court could not and would not have kept this action alive in October on the speculative assumption that subject matter jurisdiction would arise at some unspecified time in the future.  Because final judgment was properly entered by the October 19 Order and Judgment, the Court does not reach the merits of defendant's request to have the arbitration award confirmed.

Accordingly, defendant's motion for judgment or other relief relating to its counterclaim is hereby denied.  The Clerk of the Court is instructed to close document number 47 on the docket of this case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       August 20, 2010